UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Lori Ann Morin,

    Plaintiff,

v.                                          Case No. 10-13040

Commissioner of Social Security,          Honorable Sean F. Cox

    Defendant.

_____/

## ORDER ADOPTING
## REPORT AND RECOMMENDATION

Plaintiff Lori Ann Morin ("Plaintiff") filed this action on August 2, 2010, challenging the Commissioner of Social Security's unfavorable decision disallowing benefits. Thereafter, Plaintiff filed a motion for summary judgment and for remand, and the Commissioner filed a motion for summary judgment. Those motions were referred to Magistrate Judge Mona K. Majzoub, pursuant to 28 U.S.C. § 636, for issuance of a report and recommendation.

On January 16, 2012, Magistrate Judge Majzoub issued her report and recommendation ("R&R") wherein she recommends that the Court deny Plaintiff's motion for summary judgment, grant the Commissioner's motion for summary judgment, and dismiss Plaintiff's complaint. (Docket Entry No. 17).

Pursuant to FED. R. CIV. P. 72(b), a party objecting to the recommended disposition of a matter by a Magistrate Judge must file objections to the R&R. "The district judge to whom the case is assigned shall make a *de novo* determination upon the record, or after additional

1

evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made." *Id*.

On February 8, 2012, Plaintiff filed written objections to the January 16, 2012 R&R. (Docket Entry No. 18).

In the R&R, the Magistrate Judge lists the five-step sequential analysis used to determine whether Plaintiff is eligible for disability benefits. In Plaintiff's first objection, she appears to imply that, after finding that Plaintiff did not meet a Listed Impairment (Step 3), the Magistrate Judge did not consider whether Plaintiff has the residual functional capacity ("RFC") to perform her past relevant work (Step 4). After reviewing the R&R in its entirety, it is clear the Magistrate Judge considered Plaintiff's RFC after determining that her impairments did not meet a Listed Impairment. (R&R at 11). The Court therefore finds Plaintiff's first objection to be without merit.

Next, the Court will address Plaintiff's Objections two, three, and four together. Plaintiff objects to the Magistrate Judge's conclusion that the ALJ properly found that Plaintiff's 1976 IQ score, when she was tested at the age of 19, is not equal to Listing 12.05(c)'s requirement that an individual have a "valid verbal, performance, or full scale IQ of 60 through 70 . . . ." Plaintiff also objects to the Magistrate Judge's statement that "Plaintiff does not cite any authority for the proposition that the ALJ should downwardly adjust a claimant's numerical IQ scores to account for a ten point error of measurement in the WAIS scores of young adults." (R&R at 10). Plaintiff contends that the ALJ failed to apply a 10 point downward adjustment to her 1976 IQ scores because "when evaluating WAIS testing with young adults . . . individuals of that age tend to score about 10 points higher on testing than should be anticipated." (Obj. at 2-3).

Having reviewed the ALJ's written decision, however, this Court also agrees that there is an insufficient basis to overturn the ALJ's determination that Plaintiff's 1976 IQ scores do not meet or equal the requirements of Listing 12.05(c).  At the age of 19, Plaintiff obtained a verbal IQ score of 75, a performance IQ score of 92, and a full IQ score of 81.  Plaintiff underwent additional WAIS testing in 1980, at the age of 22, and again scored in ranges that were not within the 60 to 70 range, as required by Listing 12.05(c).  In 1980, Plaintiff obtained a verbal IQ of 78, a performance IQ of 89, and a full scale IQ of 81.  Contrary to Plaintiff's position, the ALJ did not adopt the 10 point downward adjustment to Plaintiff's score, but merely stated, "Even allowing for the alleged consideration that individuals of this age group tend to score 10 points higher than should be anticipated, the claimant's scores placed her at the upper limits of educable mentally impaired classification."  Thus, even when applying such a speculative adjustment to Plaintiff's scores, Plaintiff's only qualifying score (her 78 verbal IQ, adjusted to 68), would barely place her in the 60 to 70 point range, assuming that Plaintiff's score should be adjusted by the full 10 points.

It is Plaintiff's burden to establish Step 3 of the analysis, and Plaintiff has not provided sufficient evidence to reverse the ALJ's ruling on this issue.  The ALJ's findings on the application of Plaintiff's IQ scores are supported by substantial evidence, namely, Plaintiff's actual IQ scores.  As stated by the magistrate judge, Plaintiff does not provide any authority to support the proposition that the ALJ should have applied a 10 point downward adjustment to Plaintiff's IQ scores.  Plaintiff has not met her burden of proving that the Court should apply such a speculative adjustment to Plaintiff's scores.  This Court agrees that it was appropriate for

the ALJ to conclude that Plaintiff's impairments were not medically equal to Listing 12.05(c). Accordingly, Plaintiff's objections two, three and four are also without merit.

Plaintiff's objections five and six deal with the Magistrate Judge's affirmation of the ALJ's decision to afford less weight to the opinion of Dr. Sung-Ran Cho, who found that Plaintiff has "marked" limitations. This decision is also supported by substantial evidence. First, Plaintiff relies heavily and medical records that are over 30 years old. Since that time, Plaintiff has held positions as a file clerk for Tacom for over 15 years and worked at T.J. Maxx for at least 9 years. Moreover, State Disability and Determination Service ("DDS") doctors, including Dr. Sheila C. Williams-White, determined that Plaintiff has "the ability to sustain an independent routine of simple activity, respond to simple demands, adapt to simple changes in routine, and perform simple work." (Record at 249). DDS doctors also determined that Plaintiff had very few physical limitations. The ALJ also determined that Dr. Cho's opinion was based heavily on the subjective reports of Plaintiff and, contrary to Dr. Cho's findings that Plaintiff is easily confused, Plaintiff answered questions "precisely and without any apparent difficulty" at her hearing. (Record at 17). Thus, the ALJ's determination to discount Dr. Cho's opinion is supported by substantial evidence and Plaintiff's objections five and six are without merit.

Next, Plaintiff objects to the Magistrate Judge's conclusion that the ALJ did not err by finding that Plaintiff's claims of often being ill are excuses for avoiding responsibility. The ALJ stated:

> Counsel cites records dated April 27, 1977 Educational Planning and Placement Committee records in support of the claimant's allegations of illness related absences, noting committee members to have been concerned about the claimant being 'ill so often.' However, these records note that same is used as an excuse for avoiding responsibility, calling the claimant's credibility into question.

(Record at 16).

Plaintiff states that "the Magistrate Judge was incorrect in addressing [Plaintiff's alleged] colds as an additional illness with limited medical treatment when they should have been seen by the ALJ as a system of her intellectual limitations and panic attack disorder." (Obj. at 6-7). First, Plaintiff cites no medical records to support these claims. Second, the ALJ's cited additional evidence which questioned Plaintiff's credibility on this issue, including the lack of medical records to support her illnesses and her claims that she stopped working at prior places of employment because of chronic illness despite employment records to the contrary. The ALJ further noted that Plaintiff has not required consistent mental health treatment. Additionally, state DDS doctors determined that there was no evidence of deterioration in Plaintiff's mental impairments which would prevent her from engaging in work related activities. Therefore, the Magistrate Judge did not err by affirming the ALJ's conclusions regarding Plaintiff's alleged recurring colds and other physical illnesses.

Finally, Plaintiff objects to the Magistrate Judge's conclusion that the ALJ's hypothetical properly accounted for Plaintiff's limitations and is supported by the record. This Court agrees with the Magistrate Judge that there is no basis to overturn the ALJ's decision regarding Plaintiff's mental impairments and her functional capacity. The ALJ's hypothetical accounted for the limitations set forth by the state DDS doctors. Again, the ALJ properly chose to discount Dr. Cho's opinion and accompanying limitations for Plaintiff and relied more heavily on the limitations set forth by the state DDS doctors, and on Plaintiff's own testimony. The Court finds this objection is also without merit.

Accordingly, the Court ACCEPTS and ADOPTS the January 26, 2012 R&R (Docket

Entry No. 17).

IT IS ORDERED that Plaintiff's motion for remand (Docket Entry No. 13) is DENIED.

IT IS FURTHER ORDERED that the Commissioner's motion for summary judgment (Docket Entry No. 14) is GRANTED and this Court hereby AFFIRMS the Commissioner's decision.

IT IS SO ORDERED.

                                        S/Sean F. Cox
                                        Sean F. Cox
                                        United States District Judge

Dated: March 26, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 26, 2012, by electronic and/or ordinary mail.

                                        S/Jennifer Hernandez
                                        Case Manager